UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DEREK GINSBERG, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 17-cv-12143-ADB |
| UNITED STATES DEPARTMENT OF | * |
| VETERANS AFFAIRS and UNITED | * |
| STATES OF AMERICA, | * |
| | * |
| Defendants. | * |

**MEMORANDUM AND ORDER ON**
**MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

BURROUGHS, D.J.

Plaintiff John Derek Ginsberg filed the instant action against Defendant United States Department of Veterans Affairs (the "VA") on November 2, 2017, asserting claims arising out of his medical treatment by the VA that allegedly resulted in adverse health effects and financial losses. [ECF No. 1-1]. On May 31, 2018, Plaintiff added the United States of America as a defendant to the case. [ECF No. 82]. Currently pending before the Court are Defendants' motions to dismiss [ECF Nos. 63, 89] and Plaintiff's motions for summary judgment [ECF Nos. 79, 93]. For the reasons stated below, Defendants' motions to dismiss are GRANTED, and Plaintiff's motions for summary judgment are DENIED.

**I.    BACKGROUND**

The following facts are drawn from the complaint [ECF No. 1-1] (the "Complaint"), the well-pleaded allegations of which are taken as true for purposes of evaluating Defendants' motions to dismiss. See Ruivo v. Wells Fargo Bank, 766 F.3d 87, 90 (1st Cir. 2014).

Plaintiff is a disabled veteran who received medical care from the VA between July 30, 2003 and December 31, 2011. Compl. ¶ 3. During this period, Plaintiff was prescribed the medication Abilify (also known as Aripiprazole) by VA physicians to mitigate "schizophrenia spectrum severe and persistent mental illness." Id. ¶ 3. Plaintiff alleges that as a result of taking Abilify, he suffered from "aggravation of impulse control," "increase[d] . . . libido," and "impairment of financial judgment." Id. ¶¶ 4–5. In August 2006, during the period he was taking Abilify, Plaintiff was placed in the VA Fiduciary Program upon the recommendation of his VA psychiatrist. Id. ¶ 8. Participants in the program are deemed financially incompetent and surrender the management of their estate and finances to a VA Fiduciary. Id. In approximately February 2010, Plaintiff's then-psychiatrist and his Fiduciary deemed him no longer incompetent and recommended his removal from the program, which occurred in June 2010. Id. ¶ 15. Plaintiff alleges that while in the fiduciary program, he suffered financial losses "due to the actions of the VA Fiduciary as well as to Plaintiff's own actions because of the effects of Abilify." Id. ¶ 16.

Around December 31, 2011, Plaintiff "directed the Defendant to permanently discontinue the prescription and administration of Abilify to him." Id. ¶ 3. On May 31, 2012, Plaintiff filed an action in the United States District Court, District of Minnesota, Ginsberg v. U.S. Dep't of Veterans Affairs, No. 12-cv-1300-RHK/JJK (D. Minn. May 31, 2012) ("2012 Complaint"), alleging his use of Abilify "produced insomnia and other issues, including aggravation of the psychosis and depression" as well as "emotional rage" and "anger." 2012 Compl. ¶¶ 101, 170. He also alleged in the 2012 action that during the period he was taking Abilify he was declared financially incompetent and placed in the fiduciary program. Id. ¶¶ 109–11. That action was dismissed on September 7, 2012.

On May 5, 2016, the U.S. Food and Drug Administration (the "FDA") issued a drug safety warning ("Drug Warning") regarding Abilify stating that it "was known to cause impairment of impulse control and financial judgment." Compl. ¶ 1. On April 25, 2017, Plaintiff filed an administrative claim with the VA. [ECF No. 90-3]. On November 2, 2017, Plaintiff filed the instant action, seeking $2,500,000.00 in damages.

## II.  MOTIONS TO DISMISS

### A. Legal Standard

In evaluating a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "[t]he existence of subject-matter jurisdiction 'is never presumed'" because federal courts are courts of limited jurisdiction. Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Viqueria v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)). The Court may look beyond the pleadings in order to determine if it has jurisdiction over the matter. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). In making this determination, the Court may "consider whatever evidence has been submitted, such as the depositions and exhibits submitted." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

The Court will construe Plaintiff's allegations liberally because he is proceeding *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). A *pro se* litigant, however, must still comply with procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) ("The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."). Dismissal of a *pro se* complaint is appropriate when the complaint fails to state an actionable claim. See Muller v. Bedford VA Admin. Hosp., No. 11-cv-10510, 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

3

B. Discussion

Plaintiff brings a tort claim under the Federal Tort Claims Act ("FTCA") premised on allegations that the VA is liable for damages resulting from the allegedly deleterious side effects he experienced from Abilify, which VA doctors prescribed for him to treat his schizophrenic condition.[1]

Before a plaintiff can bring suit in federal court under the FTCA, he must first submit the claim to the appropriate federal agency and exhaust all available administrative remedies. McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). The agency claim must be finally denied before a plaintiff may bring an action in federal court. 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial . . . ." Id. Here, Plaintiff followed the necessary procedure for exhausting administrative remedies prior to filing his action in federal court. Neither party has asserted that the VA responded to Plaintiff's agency claim in the allotted six month post-filing period. Therefore, Plaintiff's claim is deemed "a final denial" and satisfies the exhaustion requirement.

The FTCA allows lawsuits against the United States in federal court for personal injuries through a waiver of sovereign immunity when claims are:

> [C]aused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the

---

[1] The Complaint also alleges due process claims under the Fifth and Fourteenth Amendments of the United States Constitution, challenging the constitutionality of the Brady Handgun Violence Prevention Act of 1993's definition of "mentally defective." In his opposition to the VA's motion to dismiss, Plaintiff asked that this Court no longer consider these claims. [ECF No. 65 at 10–11]. Accordingly, Plaintiff's constitutional claims concerning alleged Fifth and Fourteenth Amendment violations are dismissed without prejudice.

claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). This Court lacks jurisdiction over tort claims against the federal government unless they fall within the FTCA waiver. See FDIC v. Meyer, 510 U.S. 471, 475–76 (1994). Consistent with the treatment of all waivers of sovereign immunity, "the FTCA must be 'construed strictly in favor of the federal government, and must not be enlarged beyond such boundaries as its language plainly requires.'" Bolduc v. United States, 402 F.3d 50, 56 (1st Cir. 2005) (quoting United States v. Horn, 29 F.3d 754, 762 (1st Cir. 1994)).

Liability under the FTCA requires a negligent or wrongful act. See Dalehite v. United States, 346 U.S. 15, 45–46 (1953) (holding that FTCA requires some type of "misfeasance or nonfeasance," and does not extend to liability without fault), overruled on other grounds, Rayonier Inc. v. United States, 352 U.S. 315 (1957). Here, Plaintiff neither alleges that the VA committed a negligent or wrongful act, nor provides any facts to support a finding of negligence or tortious conduct in its prescription and administration of Abilify between 2003 and 2011. Abilify is a FDA-approved medication to treat schizophrenia and bipolar disorder and to mitigate clinical depression. Compl. ¶ 2. In 2003, when Plaintiff was first prescribed Abilify, he was diagnosed with schizophrenia and other forms of "persistent mental illness." Id. ¶ 3. Plaintiff's claim relies on a FDA Drug Warning regarding Abilify, released on May 5, 2016, that identified the possibility of adverse side effects. Plaintiff, however, does not allege that his physician or anyone at the VA was aware that Abilify could cause or aggravate impairment of impulse control and financial judgment during the period he was prescribed the medication, nor does he set forth any factual allegations to support a conclusion that a negligent or wrongful act of a VA employee caused his alleged injuries. Accordingly, Plaintiff's claim is not covered by the FTCA waiver of

sovereign immunity and Defendants' motions to dismiss the FTCA claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) are granted.[2]

## III. SUMMARY JUDGMENT MOTIONS

On April 26, 2018, Plaintiff filed a motion for summary judgment asserting that Defendants failed to effectively put forth facts disputing the claims made in his Complaint. [ECF No. 79]. On June 28, 2018, Plaintiff filed a second motion for summary judgment renewing his initial motion. [ECF No. 93].

Summary judgment is appropriate where the movant can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if its resolution might affect the outcome of the case under the controlling law." Cochran v. Quest Software, Inc., 328 F.3d 1, 6 (1st Cir. 2003) (citation omitted). "A genuine issue exists as to such a fact if there is evidence from which a reasonable trier could decide the fact either way." Id. (citation omitted). At summary judgment, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 161 (1st Cir. 2006).

"To succeed in showing that there is no genuine dispute of material fact, the moving party must [point] to specific evidence in the record that would be admissible at trial." Ocasio-Hernández v. Fortuño-Burset, 777 F.3d 1, 4 (1st Cir. 2015). "That is, it must 'affirmatively produce evidence that negates an essential element of the non-moving party's claim,' or, using 'evidentiary materials already on file . . . demonstrate that the non-moving party will be unable

---

[2] Plaintiff may have a claim against the manufacturer of Abilify, but his allegations do not support a claim against the United States government.

to carry its burden of persuasion at trial.'" Id. at 4–5 (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).

Here, Plaintiff's motions for summary judgment rely on conclusory statements and lack sufficient factual support to establish that there is no genuine issue of fact and that Plaintiff is entitled to judgment as a matter of law. Plaintiff asks the Court to accept his allegations as truth without providing any evidentiary support to underlie his claims, and further, he has not set forth any evidence demonstrating that the facts outlined in his Complaint are undisputed. Accordingly, Plaintiff has not shown that he is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the Complaint [ECF Nos. 63, 89] are GRANTED and Plaintiff's motions for summary judgment [ECF Nos. 79, 93] are DENIED.

**SO ORDERED.**

July 31, 2018

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE